MEMORANDUM **
Steven Diaz (“petitioner”), a California state prisoner, appeals the district court’s denial of his 28 U.S.C. § 2254 habeas petition challenging his convictions for rape (CaLPenal Code § 261), kidnapping with intent to commit rape (Cal.Penal Code § 208), kidnapping (Cal.Penal Code § 207), and false imprisonment (CahPenal Code § 236). We have jurisdiction under 28 U.S.C. § 2253. We review de novo the denial of a habeas petition. Tanner v. McDaniel, 493 F.3d 1135, 1139 (9th Cir.2007). Because the petition was filed after April 24, 1996, we review it under the Antiterrorism and Effective Death Penalty Act (“AEDPA”). Under AEDPA, we may grant the petition if the state court decision “was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States” or “was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d); Byrd v. Lewis, 566 F.3d 855, 859 (9th Cir.2009). We reverse and remand to the district court.
Petitioner argues that his trial counsel was ineffective for failing to test DNA *125 evidence taken from the victim after the assault. To establish ineffective assistance of counsel under the Sixth Amendment, a petitioner must satisfy a two-part test. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, a petitioner must show his counsel’s performance was deficient. Id. To establish deficient performance, a petitioner must show that his attorney’s conduct “fell below an objective standard of reasonableness” based on prevailing legal norms at that time. Id. at 688, 104 S.Ct. 2052. Second, a petitioner must show that his attorney’s deficient performance prejudiced his case. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To show prejudice, a petitioner must establish that “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052. A reasonable probability is one that is more likely than not to have influenced the outcome, i.e., it is a probability sufficient to undermine confidence in the outcome. Id. at 693-94, 104 S.Ct. 2052.
In this case, the California Supreme Court’s denial of petitioner’s ineffective assistance of counsel claim was an unreasonable application of clearly established Supreme Court law. An attorney has a duty to carry out reasonable investigations before he selects a trial strategy. Strickland, 466 U.S. at 691, 104 S.Ct. 2052; Wiggins v. Smith, 539 U.S. 510, 521-22, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003); Richter v. Hickman, 578 F.3d 944, 955 (9th Cir.2009). An attorney must conduct an investigation for a case that is sufficient to allow him to make an informed decision about whether certain tests in that case are necessary. Richter, 578 F.3d at 955. “[Decisions that are made before a complete investigation is conducted are reasonable only if the level of investigation was also reasonable.” Duncan v. Ornoski 528 F.3d 1222, 1234 (9th Cir.2008). While an attorney’s strategic choice made after a thorough investigation is almost unchallengeable, a strategic choice made after an incomplete investigation is reasonable only “to the extent that reasonable professional judgments support the limitations on investigation.” Strickland, 466 U.S. at 690-91, 104 S.Ct. 2052. A “particular decision not to investigate must be directly assessed for reasonableness in all the circumstances.” Id. at 691, 104 S.Ct. 2052.
Here, trial counsel’s performance was deficient because his failure to test the DNA evidence constitutes a failure to carry out reasonable investigations before selecting a trial strategy. Petitioner’s counsel, Jon Lippsmeyer, failed to test the DNA evidence gathered from the victim and chose to assert a defense of consent. Lippsmeyer did not conduct a reasonable investigation, which would have included testing the DNA evidence, before considering other possible defenses. Lippsmeyer knew petitioner denied having sex with the victim because petitioner had stated that the victim had a yellow mucus on her vagina and that he did not want to have sex with her and contract a disease. Evidence showed the victim had chlamydia. Also, Lippsmeyer knew that the victim had been found with several condoms in her purse in an area known to host prostitutes. Given that petitioner adamantly insisted that he did not have sex with the victim, and other evidence supported this assertion, it was unreasonable for Lippsmeyer to fail to test the DNA evidence before determining trial strategy. A thorough investigation of plausible options would have undoubtedly required a DNA test, especially where the petitioner insisted that he did not have sex with the victim. There was no reason not conduct the DNA test, the testing was widely used at the time, and Lippsmeyer had no explanation *126 for his failure to test the evidence. Thus, the failure to test the DNA evidence prior to determining trial strategy constitutes deficient performance. See id. at 687, 104 S.Ct. 2052; Wiggins, 539 U.S. at 524-26, 123 S.Ct. 2527.
Trial counsel’s deficient performance in failing to test the DNA evidence also prejudiced petitioner’s case. Given the strength of evidence supporting petitioner’s version of events, there is a reasonable probability that conducting the DNA test would have produced a different result at trial. Petitioner stated that he engaged in a financial agreement to have sex with the victim, but later refused because he saw that she had a venereal disease. Evidence supported this assertion because the victim was found with several condoms in her purse and engaged contact with the petitioner in an area known for prostitution. The victim also had a venereal disease, as petitioner had insisted. If a DNA test had been conducted, it could have supported petitioner’s testimony that he did not have sex with the victim and that the semen on the victim came from another source. Thus, the likelihood that DNA testing would have changed the result is “sufficient to undermine confidence in the outcome.” See Strickland, 466 U.S. at 694, 104 S.Ct. 2052; Wiggins, 539 U.S. at 536, 123 S.Ct. 2527.
The dissent contends that petitioner’s counsel would have been ethically barred from presenting the consent defense if the DNA was in fact petitioner’s. However, counsel could have still relied on a consent defense — that the sexual contact was consensual — even if it were the petitioner’s DNA. The record contained testimony that petitioner initially agreed to pay the alleged victim for sex. Thus, the consent defense would have remained viable even if the DNA belonged to the petitioner.
Based on the foregoing, we hold that the California Supreme Court’s denial of petitioner’s habeas petition was an unreasonable application of Supreme Court law. We therefore reverse and remand to the district court with instructions to grant the writ of habeas corpus.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36-3.